FILED
JUL 01 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ac DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DONNA ZIZIAN, Individually and on behalf of all other similarly situated California Residents

Plaintiff,

v.

MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,

Defendant.

MICHELE BANDELL, DAVID EIGLARSH, CHARLENE PANOS, JEANETTE RAWLS, JENNIFER WALKER, and ALEX ZENNARO, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,

Defendant.

Case No. 16-cv-00783-DMS-BGS
Case No. 16-cv-01236-DMS-BGS

**~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Plaintiffs Donna Zizian, Michelle Bandell, David Eiglarsh, Charlene Panos, Jeanette Rawls, Jennifer Walker, and Alex Zennaro ("CLASS REPRESENTATIVES") filed a Motion for Preliminary Approval of a Class Action Settlement and Proposed Settlement Class (the "Motion"), which was heard on July 1, 2016. In connection with the Motion, the Court considered the proposed class action Settlement Agreement (attached as **Exhibit 1** to the Declaration of _______), the submissions of counsel, and all other papers filed in these consolidated actions. This Order incorporates by reference the definitions in the Settlement Agreement (the "AGREEMENT"). The matter having been submitted, and good cause appearing

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The provisions of the AGREEMENT are hereby preliminarily approved. The Court finds that the SETTLEMENT appears to be fair, adequate, and reasonable to the CLASS MEMBERS, free of collusion or indicia of unfairness, and within the range of possible judicial approval. The Court also finds that the SETTLEMENT resulted from arm's length negotiations and is sufficient to warrant the dissemination of CLASS NOTICE to the CLASS MEMBERS.

2. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and for purposes of, and solely in connection with, the SETTLEMENT, the Court finds that each of the requirements for certification of the CLASSES set forth in the CLASS REPRESENTATIVES' Motion for Preliminary Approval are met and hereby provisionally certifies two CLASSES:

> **"ACTIVE MEMBERS" defined as members of a clinic or spa independently owned and operated by an MEF FRANCHISEE within the United States whose membership was active as of June 30, 2016, including members whose MEMBERSHIP was frozen or suspended as of June 30, 2016. Excluded are MEF and any person,**

**firm, trust, corporation, or other entity related to or affiliated with MEF, LEGACY MEMBERS,[1] and any member whose membership was terminated for inappropriate or illegal conduct.**

**"CANCELLED MEMBERS" defined as All members of a clinic or spa independently owned and operated by an MEF FRANCHISEE within the United States who had one or more UNUTILIZED MASSAGES when (i) he/she cancelled his/her MEMBERSHIP; (ii) he/she elected not to renew his/her MEMBERSHIP; or (iii) his/her MEMBERSHIP was terminated for non-payment and such cancellation, termination, or non-renewal occurred between March 7, 2015, and June 30, 2016. Excluded are MEF and any person, firm, trust, corporation, or other entity related to or affiliated with MEF, LEGACY MEMBERS, and any member whose membership was terminated for inappropriate or illegal conduct.**

3. The Court, for SETTLEMENT purposes only, finds that certification of the CLASSES satisfies the requirements under Federal Rules of Civil Procedure 23(a) and 23(b)(3). In support of this ruling, the Court conditionally and preliminarily finds that: (a) the CLASS MEMBERS are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the CLASS MEMBERS; (c) the named CLASS REPRESENTATIVES' claims are typical of the claims of the respective CLASS MEMBERS they seek to represent; (d) the CLASS REPRESENTATIVES and CLASS COUNSEL identified below are able to adequately represent the CLASS MEMBERS; and (e) classwide treatment of the disputes raised in the Amended Complaint in the ZIZIAN ACTION and the Complaint in the BANDELL ACTION is superior to other available methods for adjudicating the controversies.

4. If the AGREEMENT is terminated or not consummated, provisional

[1] LEGACY MEMBERS are those members of a clinic or spa independently owned and operated by an MEF FRANCHISEE within the United States whose Membership Agreements expressly state that accrued monthly massages may be used after membership termination, cancellation, or non-renewal. SA ¶ X.

certification of the CLASSES shall be void. In that event, the CLASS REPRESENTATIVES, the CLASS MEMBERS, and MEF shall be returned to their respective statuses as of the date immediately prior to the execution of the AGREEMENT and neither the AGREEMENT nor this PRELIMINARY APPROVAL ORDER shall have any bearing on, and neither shall be admissible in connection with, (a) any issue in these ACTIONS or any claim raised under any other state or federal law that was intended to be encompassed within the Complaint [Dkt. 1] or Amended Complaint [Dkt. __] in the ZIZIAN ACTION or the Complaint in the BANDELL ACTION; (b) whether certification or decertification would be appropriate in a non-settlement context; (c) MEF's liability for any final judgment or to any CLASS MEMBER; and (d) any judgment ultimately sought to be entered against MEF or otherwise.

5. The Court appoints and designates Donna Zizian as CLASS REPRESENTATIVE for the ACTIVE MEMBER CLASS. The Court appoints and designates Michelle Bandell, David Eiglarsh, Charlene Panos, Jeanette Rawls, Jennifer Walker, and Alex Zennaro as CLASS REPRESENTATIVES for the CANCELLED MEMBER CLASS.

6. The Court appoints and designates the law firm Johnson & Weaver LLP as CLASS COUNSEL for the ACTIVE MEMBER CLASS and the law firm Eggnatz, Lopatin & Pascucci, LLP as CLASS COUNSEL for the CANCELLED MEMBER CLASS. CLASS COUNSEL are located at the following addresses:

ACTIVE MEMBER CLASS COUNSEL
Frank J. Johnson
Email: FrankJ@johnsonandweaver.com
Brett M. Weaver
Email: BrettW@johnsonandweaver.com
JOHNSON & WEAVER LLP
600 W. Broadway #1540
San Diego, CA 92101

Telephone: (619) 230-0063
Facsimile: (619) 255-1856

CANCELLED MEMBER CLASS COUNSEL
Joshua H. Eggnatz
Email: JEggnatz@ELPLawyers.com
Michael J. Pascucci
Email: MPascucci@ELPLawyers.com
Benjamin M. Lopatin
BLopatin@ELPLawyers.com
EGGNATZ, LOPATIN, PASCUCCI, LLP
5400 S. University Dr., Suite 417
Davie, FL 33328-5313
Telephone: (954) 889-3359
Facsimile: (954) 889-5913

7. The Court approves, as to form and content, the proposed CLASS NOTICE, attached as **Exhibits 2, 4, and 5** to the AGREEMENT, including the procedure for the CLASS MEMBERS to object to or request exclusion from the SETTLEMENT, for CANCELLED MEMBERS to submit a REINSTATEMENT REQUEST, and for ACTIVE MEMBERS to submit an ELECTION OF BENEFIT FORM and, accordingly, directs that CLASS NOTICE be given in the form and manner consistent therewith and this PRELIMINARY APPROVAL ORDER.

8. The Court finds that the CLASS NOTICE is the best means practicable of providing notice under the circumstances and when completed shall constitute due and sufficient notice of the ACTIONS, the SETTLEMENT, and the FINAL APPROVAL HEARING to all persons affected by and/or authorized to participate in the SETTLEMENT in full compliance with Federal Rules of Civil Procedure 23(c) and (e) and the requirements of due process.

9. The provisions of the AGREEMENT relating to the CLASS NOTICE, exclusion from the SETTLEMENT, objection to the SETTLEMENT, a REINSTATEMENT REQUEST, an ELECTION OF BENEFIT FORM, and the FINAL APPROVAL HEARING are deemed incorporated as if expressly set forth in

this PRELIMINARY APPROVAL ORDER and have the full force and effect of an Order of this Court.

10. The Court appoints and designates The Garden City Group, Inc. as the SETTLEMENT ADMINISTRATOR.

11. The Court hereby directs the SETTLEMENT ADMINISTRATOR to provide the approved CLASS NOTICE to the CLASS MEMBERS in accordance with the schedule below and using the procedures set forth in the AGREEMENT.

12. The SETTLEMENT ADMINISTRATOR shall be responsible for

   a. Printing and distributing the SUMMARY NOTICE approved by the Court;

   b. Performing physical home address and email address updates and verifications prior to the first distribution of the SUMMARY NOTICE;

   c. Sending mailed SUMMARY NOTICE to those CLASS MEMBERS who were provided SUMMARY NOTICE via email and had it returned undeliverable and who have a physical address in the Millennium Central Office Database;

   d. Performing a single Skip Trace address follow up on any returned mail or email SUMMARY NOTICES;

   e. Creating and maintaining a toll-free number that CLASS MEMBERS can contact to request a copy of the AGREEMENT, a UNIQUE ID CODE, a REINSTATEMENT REQUEST form, an ELECTION OF BENEFIT FORM, and/or to obtain any other information concerning this SETTLEMENT or the AGREEMENT.

   f. Consulting with MEF's COUNSEL and CLASS COUNSEL concerning any relevant issue, including (without limitation)

distribution of the CLASS NOTICE and processing of REINSTATEMENT REQUESTS and ELECTION OF BENEFIT FORMS;

g. Processing and recording timely and proper requests for exclusion;

h. Processing and recording timely and proper objections;

i. Processing and recording ELECTION OF BENEFIT FORMS;

j. Processing and recording a change in an ACTIVE MEMBER's HOME CLINIC designation where appropriate;

k. Processing and recording REINSTATEMENT REQUESTS and the calculation, processing, and recording of reinstated massages;

l. Processing and recording requests for a one-time change in HOME CLINIC designation by CANCELLED MEMBERS where appropriate;

m. Within ten (10) days after the REINSTATEMENT REQUEST/ELECTION OF BENEFITS DEADLINE, providing to MEF a list in writing of all CANCELLED MEMBERS who submitted a REINSTATEMENT REQUEST and the following information, if available, with respect to each CANCELLED MEMBER:

   i. First and last name;

   ii. Current mailing address;

   iii. Current email address;

   iv. UNIQUE ID CODE;

   v. HOME CLINIC (including any HOME CLINIC re-designation);

          vi.      The number of UNUTILIZED MASSAGES existing as of June 30, 2016; and

          vii.     The number of reinstated massages.

    n.     On a weekly basis beginning the week after the NOTICE DATE, providing to MEF a list in writing of all ACTIVE MEMBERS who submitted an ELECTION OF BENEFIT FORM and the following information, if available, with respect to each such ACTIVE MEMBER:

          i.       First and last name;

          ii.      Current mailing address;

          iii.     Current email address;

          iv.     UNIQUE ID CODE; and

          v.       Any HOME CLINIC re-designation;

    o.     Preparing, drafting, and serving the Notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"); and

    p.     Such other tasks as MEF and the CLASS REPRESENTATIVES mutually agree or the Court orders the SETTLEMENT ADMINISTRATOR to perform.

13.    In accordance with the schedule set forth below, the SETTLEMENT ADMINISTRATOR is directed to establish a website at www.massagesettlement.com (the "SETTLEMENT WEBSITE") to provide information regarding the SETTLEMENT, where the CLASS MEMBERS can obtain information concerning requesting exclusion from or objecting to the SETTLEMENT, where CANCELLED MEMBERS may submit a REINSTATEMENT REQUEST, and where ACTIVE MEMBERS may submit an ELECTION OF BENEFIT FORM.

14. MEF shall pay to the SETTLEMENT ADMINISTRATOR all reasonable costs associated with the administration of the SETTLEMENT, distribution of CLASS NOTICE pursuant to the AGREEMENT, and any other tasks assigned to the SETTLEMENT ADMINISTRATOR by the AGREEMENT, by MEF's and the CLASS REPRESENTATIVES' mutual agreement in writing, or by this Court.

15. If a CANCELLED MEMBER has moved more than 25 miles from his/her HOME CLINIC since the date of MEMBERSHIP cancellation, nonrenewal, or termination for nonpayment and wishes to make a one-time election to designate a new MEF FRANCHISE as his/her HOME CLINIC for purposes of any reinstated massages, the CANCELLED MEMBER must provide the required information in accordance with the instructions set forth in the AGREEMENT and CLASS NOTICE.

16. Any CLASS MEMBER may choose to file a written objection to the SETTLEMENT by mailing an objection to the SETTLEMENT ADMINISTRATOR in accordance with the instructions set forth in the AGREEMENT and CLASS NOTICE. CLASS MEMBERS who fail to serve timely objections upon CLASS COUNSEL shall be deemed to have waived any objections and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the SETTLEMENT and shall be bound by the SETTLEMENT if finally approved unless the CLASS MEMBER excludes himself/herself from the SETTLEMENT.

17. Any CLASS MEMBER may choose to be excluded from the SETTLEMENT as provided in the AGREEMENT and CLASS NOTICE.

18. Any CLASS MEMBER who timely and properly requests to be excluded from the SETTLEMENT will not be bound by the AGREEMENT or have any right to object, appeal, or comment thereon.

19. CLASS MEMBERS who have not requested exclusion by submitting a valid and timely written request shall be bound by all determinations of the Court, the AGREEMENT, and any FINAL APPROVAL ORDER and JUDGMENT entered.

20. The Court orders the following schedule as set forth in the AGREEMENT:

    a. No later than five (5) days after the date of this PRELIMINARY APPROVAL ORDER, the SETTLEMENT ADMINISTRATOR shall launch the SETTLEMENT WEBSITE.

    b. No later than fourteen (14) days after the date of this PRELIMINARY APPROVAL ORDER, MEF shall provide the SETTLEMENT ADMINISTRATOR with an electronic list or database that includes the following information with respect to each CANCELLED MEMBER from the Millennium Central Office Database as of June 30, 2016: first and last name; last known mailing address; email address, if available; phone number, if available; HOME CLINIC; the date of MEMBERSHIP CANCELLATION; and the number of UNUTILIZED MASSAGES.

    c. No later than fourteen (14) days after entry of this PRELIMINARY APPROVAL ORDER, MEF shall provide the SETTLEMENT ADMINISTRATOR with an electronic list or database that includes the following information with respect to each ACTIVE MEMBER from the Millennium Central Office Database as of June 30, 2016: first and last name; last known mailing address; email address, if available; phone number, if available; and HOME CLINIC.

d. No later than forty-five (45) days after entry of this PRELIMINARY APPROVAL ORDER, the SETTLEMENT ADMINISTRATOR shall complete the initial CLASS NOTICE to all persons shown by the data from the Millennium Central Office Database to be CLASS MEMBERS, via email for those CLASS MEMBERS for whom an email address is available and via First Class U.S. Mail to all other CLASS MEMBERS.

e. All CANCELLED MEMBER REINSTATEMENT REQUESTS and ACTIVE MEMBER ELECTION OF BENEFIT FORMS must be submitted online on the SETTLEMENT WEBSITE, emailed, faxed, or mailed to the SETTLEMENT ADMINISTRATOR postmarked on or before the sixtieth (60th) day after completion of initial distribution of the SUMMARY NOTICE by email or First Class U.S. Mail notice to the CLASS MEMBERS.

f. All objections must be mailed to the SETTLEMENT ADMINISTRATOR postmarked no later than the sixtieth (60th) day after the NOTICE DATE.

g. All requests for exclusion must be emailed or mailed by First Class U.S. Mail to the SETTLEMENT ADMINISTRATOR postmarked on or before the sixtieth (60th) day after initial distribution of the SUMMARY NOTICE by email or First Class U.S. Mail notice to the CLASS MEMBERS.

h. No later than fifteen (15) days following the OBJECTION/EXCLUSION DEADLINE, the SETTLEMENT ADMINISTRATOR shall provide a list of CLASS MEMBERS who submitted valid exclusion requests and any written

objections received from CLASS MEMBERS to CLASS COUNSEL and MEF's COUNSEL.

i. No later than the date on which PLAINTIFFS file their motion for FINAL APPROVAL of class action settlement, CLASS COUNSEL shall file with the Court any written objections received from CLASS MEMBERS.

j. No later than forty-five (45) days following the OBJECTION/EXCLUSION DEADLINE, CLASS COUNSEL shall file the CLASS REPRESENTATIVES' Motion for FINAL APPROVAL and any request for a FEE AND EXPENSE AWARD and/or INCENTIVE AWARD.

k. The SETTLEMENT ADMINISTRATOR shall provide CLASS COUNSEL and MEF's COUNSEL with a Declaration of Compliance to be filed with the Court in connection with the FINAL APPROVAL motion.

l. Any oppositions and replies to the CLASS REPRESENTATIVES' Motion for FINAL APPROVAL and any request for a FEE AND EXPENSE AWARD and/or INCENTIVE AWARD shall be filed in accordance with this Court's Local Civil Rule 7.1(e).

21. A FINAL APPROVAL Hearing shall be held before this Court on JANUARY 13, ~~2016~~ 2017, at 1:30 a.m./p.m. at the United States District Court for the Southern District of California, Courtroom 13A (13th Floor-Annex), 333 West Broadway, Suite 1310, San Diego, California 92101, to determine all necessary matters concerning the AGREEMENT, including whether the proposed SETTLEMENT is fair, adequate, and reasonable, whether this Court should grant final approval, whether there should be any FEE AND EXPENSE AWARD and/or

INCENTIVE AWARD, and the amounts of any such awards.

22. Any objecting CLASS MEMBER may appear, in person or by counsel, at the FINAL APPROVAL HEARING to show cause why the SETTLEMENT and the AGREEMENT should not be approved as fair, adequate, and reasonable, or to object to any request for a FEE AND EXPENSE AWARD or INCENTIVE AWARD.

23. Nothing in this PRELIMINARY APPROVAL ORDER is, or may be construed as, an admission or concession on any point of fact or law by or against the CLASS REPRESENTATIVES or MEF.

24. Pending the final determination of whether the SETTLEMENT should be approved, all proceedings in these ACTIONS, except as may be necessary to implement the SETTLEMENT or comply with the terms of the SETTLEMENT, are hereby stayed.

25. Pending the final determination of whether the SETTLEMENT should be approved, CLASS REPRESENTATIVES and each CLASS MEMBER, and any person purportedly acting on behalf of any CLASS MEMBER(S), are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any RELEASED CLAIMS in any judicial, administrative, arbitral, or other forum, against any of the RELEASED PARTIES, provided that this injunction shall not apply to the claims of any CLASS MEMBERS who have timely and validly requested to be excluded from the CLASS. Such injunction shall remain in force until the EFFECTIVE DATE or until such time as the PARTIES notify the Court that the SETTLEMENT has been terminated. This injunction is necessary to protect and effectuate the SETTLEMENT, this Preliminary Approval Order and this Court's authority regarding the SETTLEMENT, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

26. CLASS COUNSEL, MEF, and the SETTLEMENT ADMINISTRATOR are directed to carry out their obligations under the AGREEMENT.

**IT IS SO ORDERED**

DATED: 7-1, 2016

Hon. Dana M. Sabraw
JUDGE OF THE UNITED STATES DISTRICT COURT